Citation Nr: 1513852 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 08-34 377 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Reno, Nevada


THE ISSUE

Entitlement to service connection for obstructive sleep apnea (OSA). 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

F. Yankey Counsel



INTRODUCTION

The Veteran served on active duty in the U.S. Navy from August 1977 to August 1981, and from May 1985 to May 1987. He also had periods of active duty in the U.S. Air Force from March 2003 to October 2003, December 2004 to May 2005, and September 2005 to May 2006. 

This matter comes before the Board of Veterans Appeals (Board) on appeal from a
November 2007 rating decision of the Department of Veterans Affairs (VA)
Regional Office (RO) in Oakland California. The Reno Nevada RO currently
maintains original jurisdiction over the claims file.

The appellant requested a Travel Board hearing in conjunction with his appeal but
withdrew that request in March 2010 38 C F R § 20 704(e) (2014).

The Board has reviewed all relevant documents in the Veterans Benefits
Management System (VBMS) and Virtual VA paperless files in its consideration of
the appeal

In January 2014, the Board remanded the case for further development by the originating agency. The case has been returned to the Board for further appellate action.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

VA must make reasonable efforts to help a claimant obtain evidence necessary to substantiate his claim. 38 U.S.C.A. § 5103 (West 2014); 38 C.F.R. § 3.159(c), (d) (2014). The duty to assist contemplates that VA will help a claimant obtain records relevant to his claim, whether or not the records are in Federal custody, and that VA will provide a medical examination or obtain an opinion when necessary to make a decision on the claim. 38 C.F.R. § 3.1599(c)(4) (2014).

The Veteran contends that his currently demonstrated OSA developed during or as a result of active military service or service-connected disabilities. Specifically, he claims that he developed symptoms of sleep apnea following his return from overseas service.

Private treatment records from Diagnostic Sleep Services, Inc., show that in March 2004, (in between a period of active duty in the Air Force that ended in October 2003 and another period of active duty in the Air Force that began in December 2004), the Veteran was referred for a polysomnograph due to suspected sleep apnea. The report indicated that the Veteran experienced apneas, hypopneas, obstructive apneas, central apneas, and mixed apneas during a seven hour sleep study. He weighed 190 pounds at the time.

January 2006 service treatment records indicate a history of obstructive sleep apnea.

The report from a September 2008 nocturnal polysomnogram diagnostic study indicated that the Veteran had a history of snoring, daytime somnolence, frequent nocturnal awakenings, non-refreshing sleep fatigue, difficulty initiating and maintaining sleep (insomnia), leg movements or complaints of leg discomfort. He was diagnosed with obstructive sleep apnea. He weighed 220 pounds at that time.

VA treatment records dated from 2008 to 2013 show a diagnosis of sleep apnea.

The Veteran was afforded VA examinations in response to his claim in August 2015 and November 2014. The examiner opined that the Veteran's sleep apnea was less likely than not (less than 50% probability) incurred in or caused by the claimed in-service injury, event or illness. Instead, the examiner concluded that the etiology of the Veteran's OSA is his morbid obesity. In this regard, the examiner noted that OSA is characterized by recurrent collapse of the pharyngeal airway during sleep, resulting in substantially reduced or complete cessation of airflow despite ongoing breathing efforts. This leads to intermittent disturbances in gas exchange (e.g, hypercapnia and hypoxemia). The examiner also cited to medical research that notes that the single strongest risk factor for OSA is an obese body habitus, which results in an anatomical crowding of one's airway due to excess soft tissue from a large neck circumference, and that the prevalence of OSA progressively increases as the body mass index (BMI) and associated markers (e.g, neck circumference, waist-to-hip ratio) increase. The examiner also noted that the Veteran weighed 244 pounds and his BMI was 37, whereas normal BMI is < 25. As such, the examiner concluded that the Veteran was considered morbidly obese, and pointed out that he had a well-documented history of weight issues, which were not due to service, but rather excess caloric intake.

The Board notes that the VA examiner did not discuss the March 2004 polysomnography report showing that the Veteran had symptoms suggestive of sleep apnea less than a year after his discharge from active duty in October 2003, and at a time when his weight was significantly lower (190 pounds) than it was in 2014. Nor did he discuss the January 2006 service treatment records noting a history of sleep apnea, or the September 2008 polysomnography report showing that the Veteran was again diagnosed with sleep apnea just two years after his discharge from his last period of service. The examination report is also void of any evidence that the examiner considered the Veteran's reports that his sleep problems began following his return from overseas service. The Veteran is competent and credible to report symptoms of a sleep disorder and a continuity of symptoms since service. 

Once VA undertakes to provide a VA examination or obtain a VA opinion it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). To be adequate, an examination must take into account an accurate history. Nieves-Rodriguez v. Nicholson, 22 Vet. App. 295 (2008). As the examiner did not consider all of the Veteran's history or complaints, his negative opinion is inadequate for rating purposes. See Dalton v. Nicholson, 21 Vet. App. 23 (2007). 


The Board also notes that although the medical evidence of record shows that the Veteran was first noted to have symptoms suggestive of sleep apnea in March 2004, approximately 9 months prior to his first period of service in the Air Force from December 2004 to May 2005, no opinion has been obtained to determine whether the Veteran's sleep apnea was aggravated during his period of active military service from December 2004 to May 2005 or from September 2005 to May 2006.

Accordingly, the Board finds that a remand for a new medical opinion as to the etiology of the Veteran's currently diagnosed sleep apnea is necessary. See 38 C.F.R. § 4.2 (2014).

The appellant is advised that it is his responsibility to report for the examination and to cooperate in the development of the case, and that the consequences of failure to report for a VA examination without good cause may include denial of the claim. See 38 C.F.R. §§ 3.158 and 3.655 (2014).

Accordingly, the case is REMANDED for the following action:

1. The Veteran should be afforded an appropriate VA examination to determine the nature and etiology of any currently diagnosed sleep apnea. The claims folder must be made available to and reviewed by the examiner. Any indicated studies should be performed. 

The examiner should provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that any currently diagnosed sleep apnea is causally or etiologically related to the Veteran's military service. 


The examiner should also provide an opinion as to whether it is at least as likely as not that the currently diagnosed sleep apnea was aggravated during active duty (i.e. there was an increase in severity of the underlying disorder beyond expected natural progression during service). 

In providing these opinions, the examiner must (a) comment on the timing of the March 2004 sleep study in relation to the Veteran's various periods of active duty service and (b) identify to the extent possible the
timing of the onset of the sleep disorder.

A complete rationale should be given for all opinions and conclusions expressed. 

The examiner is advised that the Veteran is competent to report onset of symptoms and injuries, as well as diagnoses provided to him by physicians, and that his reports must be considered in formulating the requested opinion. If the Veteran's reported history is discounted, the examiner should provide a reason for doing so.

The examiner is also advised that the absence of evidence in the service treatment records is an insufficient basis, by itself, for a negative opinion. 

If the examiner cannot provide an opinion without resort to speculation, the examiner should provide an explanation as to why this is so and note what, if any, additional evidence would permit such an opinion to be made. 

2. After completion of the above and any other development deemed necessary, review the expanded record, and readjudicate the issue on appeal. If the claim remains denied, the Veteran and his representative should be furnished an appropriate supplemental statement of the case, afforded an opportunity to respond, and the case should thereafter be returned to the Board for further appellate review. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).